**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**TEXARKANA DIVISION**

**BOBBY EARL MOORE**                                                                PLAINTIFF

VS.                                         Case No. 04-CV-4081

**DANIEL ENTERPRISES, INC., d/b/a**
**SOUTH PARK TEXACO,** et al.                                                  DEFENDANTS

**KLLM TRANSPORT SERVICES, INC.**                                      INTERVENOR

## ORDER

This lawsuit involves Plaintiff Bobby Earl Moore's claim of negligence arising when he, as a pedestrian, was allegedly struck by a vehicle driven by Separate Defendant Joshua L. Shomber at the South Park Texaco Truck Stop in Clarksville, Arkansas. Before the Court is Moore's Second Motion to Determine Sufficiency of Answers and Motion to Compel Answers to Interrogatories. (Doc. 33). Shomber has filed a response. (Doc. 40). Moore has filed a reply. (Doc. 43). The Court finds this motion ripe for consideration and for the following reasons, finds the motion should be denied.

For the second time, Moore has moved for this Court's order determining the sufficiency of Shomber's answers to his requests for admissions 3, 4, 7, 8, 10 and 11, and Moore also seeks an alternative ruling compelling Shomber to provide sufficient verified responses to Moore's Third Set of Interrogatories. In our previous Order, the Court reprinted these requests for admissions in full, and, for brevity's sake, we won't reprint them again here. It's sufficient to say these requests concern Shomber's driving record and criminal history in the State of California.

Moore's most recent motion to determine sufficiency of answers makes this basic argument: Shomber's answers to the requests for admissions are insufficient because he has the knowledge and means available to truthfully answer the admissions (presumably in the affirmative) but he refuses to do so. From the Court's reading of Shomber's most recent answers to these requests, he responds that he cannot admit the matters because he cannot remember what

happened but he has located records which reflect convictions and suspensions, and he has hired a consultant to help him with his search. Further, Shomber argues that he has received certain documents from Moore during discovery and requests additional time to verify these documents and amend his responses to the requests for admissions and interrogatories, if necessary.

The Court believes Shomber's answers are sufficient, in their present form, to meet the requirements of Federal Rule of Civil Procedure 36. Rule 36 is not a discovery device and does not authorize a Court to prospectively render determinations concerning the accuracy of a denial to a request for admission, or to order that the subject matter of the request be admitted because the opposing party's unequivocal denial is asserted to be unsupported by the evidence. Lakehead Pipe Line Co. v. American Home Assur. Co., 177 F.R.D. 454, 458 (D.Minn. 1997)(citations omitted). Further, the truthfulness of a qualified denial must await trial, and if the requesting party is forced to prove what was not admitted sanctions are available. National Semiconductor Corp. v. Ramtron Int'l Corp., 265 F.Supp.2d 71, 74-75 (D.D.C. 2003). Shomber answers that he has insufficient knowledge to truthfully answer the requests, and he provides details of his efforts to ascertain the information necessary to answer the requests. The Court is unwilling to delve into the truthfulness of Shomber's answers, at this juncture, and the Court has its sanctions power if Moore is later forced to prove what Shomber should have admitted earlier. See Fed. R. Civ. P. 37(c)(2).

As noted above, Moore also requests, in the alternative, the Court's order compelling Shomber's verified response to its requests for production contained in its Third Set of Interrogatories. The Court finds that an order compelling the response to the Third Set of Interrogatories is inappropriate at this time. In his response, Shomber claims he has received documents from Moore which would be responsive to the interrogatories and will supplement his responses as necessary. This seems to the Court to be a reasonable course of action.

The Federal Rules of Civil Procedure contemplate that discovery should be handled, in large part, by the litigants outside of judicial supervision. The Rules also contain provisions

requiring litigants to make a good-faith effort to resolve discovery disputes among themselves, before resorting to judicial intervention. The Court strongly encourages the parties to follow the letter and spirit of the Rules before filing future discovery-enforcement motions.

Upon consideration, for the foregoing reasons, the Court finds the Motion to Determine Sufficiency of Answers and Motion to Compel Answers to Interrogatories (doc. 33) should be and hereby is **denied**. The Court declines to award sanctions at this time.

**IT IS SO ORDERED** this 22nd day of March, 2006.

                                          /s/ Harry F. Barnes  
                                            Hon. Harry F. Barnes  
                                            U.S. District Judge