IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

**BOBBY EARL MOORE**                                                                               **PLAINTIFF**

VS.                                   Case No. 04-CV-4081

**DANIEL ENTERPRISES, INC., d/b/a
SOUTH PARK TEXACO and
JOSHUA L. SHOMBER**                                       **DEFENDANTS**

**KLLM TRANSPORT SERVICES, INC.**                      **INTERVENOR**

## ORDER

This lawsuit involves Plaintiff Bobby Earl Moore's (hereinafter "Moore") claim for damages against Defendants Daniel Enterprises, Inc. d/b/a South Park Texaco (hereinafter "South Park") and Joshua L. Shomber (hereinafter "Shomber")(collectively "Defendants") arising from when Moore, as a pedestrian, was allegedly struck by a vehicle driven by Shomber at the South Park Texaco Truck Stop in Clarksville, Arkansas. Before the Court is South Park's Motion for Partial Summary Judgment and Motion to Dismiss. (Doc. 46). Moore has responded. (Doc. 48). Intervenor KLLM Transport Services, Inc., has also responded. (Doc. 49). South Park has filed a reply brief. (Doc. 50)(Doc. 51). The Court finds this motion ripe for consideration.

### I. Standard of Review

The standard of review for a motion for summary judgment is familiar and established. The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file show that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); Krenik v. County of Le Sueur, 47 F.3d 953 (8th Cir. 1995).

The Supreme Court has issued the following guidelines to help determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial . . . whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). See also Agristor Leasing v. Farrow, 826 F.2d 732 (8th Cir. 1987); Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund, 800 F.2d 742, 746 (8th Cir. 1986).

The burden of proof is on the moving party to set forth the basis of its motion. Donovan v. Harrah's Maryland Heights Corp., 289 F.3d 527, 529 (8th Cir. 2002), citing Celotex Corp v. Catrett, 477 U.S. 317, 323 (1986). The Court must view all facts and inferences in the light most favorable to the nonmoving party. Id., citing Matsushia Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). The Eight Circuit Court of Appeals, in Scheer Const. Co. v. Greater Huron Development Corp., 700 F.2d 463, 465 (8th Cir. 1983), quoting Burst v. Adolph Coors Co., 650 F.2d 930, 932 (8th Cir. 1981), in a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth specific facts that raise a genuine issue of fact for trial.

To establish a genuine issue of fact sufficient to warrant trial, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., 475 U.S. at 586. Instead, the nonmoving party bears the burden of setting forth specific facts showing there is a genuine issue for trial. Anderson, 477 U.S. at 248.

## II. Background

The predicate facts relevant to this motion for summary judgment are simple and undisputed. In its Response to Moore's Pre-Trial Disclosure Sheet, South Park has admitted the following two things: (1) Shomber was an employee of South Park on August 12, 2003; and

(2) Shomber was acting in the scope of his employment on August 12, 2003, at the time of the incident that forms the basis of this lawsuit. Defs.' Resp. and Objection to Pl.'s Pre-Trial Disclosure Sheet at 8-9. These summary judgment proceedings center on the legal effect of these undisputed, admitted facts. Summary judgment is particularly appropriate where the dispute turns on purely legal arguments and there are no disputed material facts. Charleston Housing Authority v. U.S. Dept. of Agriculture, 419 F.3d 729, 737 (8th Cir. 2005).

### III. Discussion

Because jurisdiction in this lawsuit is based on diversity, the Court must look to the substantive tort law of Arkansas for the appropriate standard of liability. Jackson v. Anchor Packing Co., 994 F.2d 1295, 1301 (8th Cir. 1993). See Erie R.R. v. Tompkins, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); American Home Assurance Co. v. Major Tool & Mach., Inc., 767 F.2d 446, 447 (8th Cir.1985). Moore's complaint alleges that South Park is jointly and severally liable for Moore's injuries due to the negligent entrustment of its vehicle to Shomber, under the doctrine of joint enterprise, and respondeat superior.

Under the doctrine of respondeat superior, an employer may be held vicariously liable for the tortious conduct of an employee if the evidence shows that such conduct was committed while the employee was acting within the scope of his employment. Jackson v. Ivory, 353 Ark. 847, 120 S.W.3d 587 (Ark. 2003). South Park argues that since it has admitted that Shomber was its employee acting within the scope of his employment at the time of the incident, Moore is limited to pursuing a claim against it for respondeat superior and his claims for joint enterprise and negligent entrustment are properly dismissed. South Park cites the Court to Elrod v. G & R Construction Co., 275 Ark. 151, 628 S.W.2d 17, 19 (Ark. 1982) and Kyser v. Porter, 261 Ark. 351, 352, 548 S.W.2d 128 (Ark. 1977) which stand for the proposition that in a motor vehicle accident lawsuit a plaintiff may not proceed on a theory of negligent entrustment or joint enterprise when a defendant/employer has admitted liability under respondeat superior or other theory of liability. The justification for this rule is that the introduction of the bad driving record

of the employee is not normally admissible in a negligence lawsuit against the employee, so its introduction against the employer a negligent entrustment case would be highly prejudicial to the employee and unnecessary when liability is admitted under another theory. See Debra E. Wax, Annotation, Propriety of allowing person injured in motor vehicle accident to proceed against vehicle owner under theory of negligent entrustment where owner admits liability under another theory of recovery, 30 A.L.R.4th 838 (1984)("[t]he rule permitting evidence of other negligent or reckless acts in entrustment cases is at variance with the general rule that evidence of similar prior acts of negligence is inadmissible on the issue of negligence of the occasion in question . . . admission of evidence of prior acts of negligence would inject collateral issues into the case and have a tendency to confuse the minds of jurors.").

Moore responds that the tort of negligent entrustment is a separate, independent and direct cause of action which should not preclude an action for both respondeat superior and negligent entrustment. Moore cites the Court to Breeding v. Massey, 378 F.2d 171, 178 (8th Cir. 1967) in support of his assertion that plaintiff should not be required to elect which remedy to proceed under. A closer reading of Breeding reveals that it is in harmony with both Elrod and Kyser. Applying Arkansas law, the Eighth Circuit Court of Appeals found no error in submitting to the jury a motor vehicle accident lawsuit against the defendant employer and defendant employee/driver on theories of negligent entrustment and respondeat superior. However, the Court went on to note:

> In the instant case, we do not have before us a situation where liability has been admitted on the scope of employment [respondeat superior] theory. In such a situation, some cases . . . do not permit proof of negligent entrustment when liability under the scope of employment theory is admitted upon the basis that such proof is unnecessary to sustain recovery and that hence no occasion arises for permitting the introduction of evidence under the negligent entrustment theory which would not be admissible in scope of employment cases.

Breeding, 378 F.2d at 178.

Breeding was decided before Elrod and Kyser, and after Breeding the Arkansas Supreme Court expressed approval for the rule precluding a claim of negligent entrustment when an

employer has admitted it will be liable under a theory of respondeat superior.

Moore also argues that to be held liable under a respondeat superior theory, the act committed by the employee must be one which is foreseeable. Moore argues that because South Park has not admitted that Shomber's acts were foreseeable, it has not admitted all of the necessary elements for respondeat superior liability. The Court rejects this argument. South Park has admitted that Shomber was acting within the scope of his employment at the time of the incident. Whether or not Moore's alleged negligent acts were foreseeable is a factor in determining whether the act is committed within the scope of his employment, which South Park has admitted.

Since South Park has admitted the agency relationship, making it necessarily liable for the negligence of its employee Shomber, generally speaking, Moore may not proceed on a negligent entrustment claim. See also Scroggins v. Yellow Freight Systems, Inc., 98 F.Supp.2d 928 (E.D. Tenn. 2000)(applying Georgia law and finding plaintiff may not proceed with negligent entrustment claim against employer defendant where employer defendant has admitted the agency relationship necessary to make it liable for the negligent acts of the employee driver). As noted by the Arkansas Supreme Court in Elrod, "the potential problems and possible prejudice created by the introduction of a prior driving record in our view outweigh any possible advantages." 275 Ark. at 155. An exception exists to this rule when a plaintiff has a valid claim for punitive damages against the employer based on its independent negligence in hiring and retaining the employee or entrusting a vehicle to that employer. See Scroggins, 98 F.Supp.2d at 931. See also, Elrod, 275 Ark. at 155 ("Moreover, for plaintiff in this case to be entitled to punitive as well as compensatory damages from [defendant] on the theory of negligent entrustment plaintiff would have had to have proved that [defendant] not only negligently entrusted the vehicle to [its employee], but also that [defendant] willfully and wantonly entrusted the accident vehicle to [its employee] . . . there is nothing in the record or in the offer of proof consisting of [the employee's] prior bad driving record which would have put the employer on

notice or conceivably enabled the employer to foresee that [its employee] would commit a willful and wanton act or possibly an intentional act."). Because the record is undeveloped as to this exception, the Court will allow Moore to make an offer of proof of its entitlement to punitive damages.

What remains unclear is whether the rule should also apply to Moore's joint enterprise claims. It appears the same evidentiary concerns that apply to the preclusion of the negligent entrustment claims do not apply to the joint enterprise claims. The Court will deny the motion for summary judgment with respect to Moore's joint enterprise claims.

### IV.  Conclusion

For the foregoing reasons, the Court finds the motion for summary judgment should be and hereby is **granted in part** and **denied in part**. The Court finds the prudential approach is to allow Moore, in camera, before the start of his case in chief, to make an offer of proof to the Court of his evidence that South Park is liable for punitive damages under his theory of negligent entrustment. If the Court finds sufficient evidence to support Moore's claim for punitive damages under the theory of negligent entrustment, the Court will allow Moore to proceed with his negligent entrustment claim in a bifurcated proceeding. If the Court finds insufficient evidence to support a punitive damages claim, the Court will, pursuant to Elrod, 275 Ark. 151 and Kyser, 261 Ark. 351, dismiss Moore's negligent entrustment claim and allow him to proceed against South Park on his respondeat superior and joint enterprise theories.

**IT IS SO ORDERED** this 28th day of April, 2006.

/s/ Harry F. Barnes
Hon. Harry F. Barnes
U.S. District Judge